UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-240-JBC

ELEANOR CLAY,                                                                                        PLAINTIFF,

V.            MEMORANDUM OPINION AND ORDER

SAFECO INSURANCE COMPANY
OF AMERICA,                                                                                          DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the court on Eleanor Clay's motion for relief (R. 7) and motion to remand (R. 9). Because SafeCo Inurance Company has not shown that it is more likely than not that Clay's claims exceed the minimum jurisdictional requirements, the court will remand the action to Boyle Circuit Court.

Because SafeCo's notice of removal did not include facts sufficient for the court to determine whether the amount in controversy actually exceeded $75,000, this court ordered Clay to respond to SafeCo's allegation of the amount in controversy. In that order, the court offered Clay the opportunity to stipulate that the amount in controversy does not exceed $75,000 and that Clay would not accept a greater amount even if awarded, in which case this court would *sua sponte* remand, or to agree with the asserted amount in controversy. These options were not exclusive, and they do not preclude Clay from arguing in her motion to remand that the amount in controversy is less than the jurisdictional amount without stipulating that she will not accept a higher amount if awarded.

The court's order was not intended to shift the burden of proof — SafeCo bears the burden to show specific facts supporting its allegation that the amount in controversy exceeds the jurisdictional amount. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

SafeCo has not shown that it is more likely than not that Clay's claims exceed $75,000. *See Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). This action arises out of an insurance dispute over the replacement cost of a destroyed oriental rug. Clay is attempting to recover the approximately $10,000 difference between the original rug dealer's replacement estimate of $16,400 and the amount paid by SafeCo under Clay's insurance policy. She also seeks unspecified amounts for violations of the Kentucky Consumer Protection Act, bad faith, interest, and attorney's fees. In asserting that these amounts, combined with the actual damages, exceed the jurisdictional amount, SafeCo has not cited specific facts from this case, nor has it engaged in discovery to determine the nature of Clay's bad faith or KCPA claims, *see Wood v. Malin Trucking, Inc.*, 937 F.Supp. 614, 616 (E.D.Ky. 1995), but rather it relies on its attorney's general experience with cases involving damages for bad faith and a survey of cases in which punitive damages were awarded. Because SafeCo has failed to show specific facts demonstrating that it is more likely than not that the amount in controversy exceeds the jurisdictional amount, and because the removal statutes are strictly construed and all doubts resolved in favor of remand, *see Long v. Bando Mfg. of America Inc.*, 201 F.3d 754, 757 (6th Cir.2000), this court does not have

subject-matter jurisdiction over the case and remand is appropriate.  This does not preclude SafeCo from removing the case a second time if new developments, such as discovery responses, reveal that the amount-in-controversy requirement is in fact satisfied.

**IT IS ORDERED** that the motion to remand (R. 9) is **GRANTED** and the motion for relief (R. 7) is **DENIED** as moot.  **IT IS FURTHER ORDERED** that this action is **REMANDED** to the Boyle Circuit Court and **STRICKEN** from the court's active docket.

Signed on November 2, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY